IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAY R. KELLEY, et al., )

        Plaintiffs, )

vs. ) CIVIL ACTION CV 99-J-3346-S

)

INTERNAL REVENUE SERVICE,
et al., )
        Defendants.

## MEMORANDUM OPINION

Currently before the Court is Defendant United States' motion to dismiss, or in the alternative, motion for summary judgment (doc. 15).

### Statement of Facts

In accordance with the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, the facts of this case are as follows:

Plaintiff Kelley ("Kelley") is the sole owner of Cumberland Golf & Country Club, Inc. ("CGCC"). Complaint at ¶ 1. In turn, CGCC was the sole owner of Cumberland Lake Country Club. *Id.* The property constituting Cumberland Lake Country Club was the subject of a tax sale pursuant to a claim by the IRS against CGCC's estate. Complaint at ¶ 2.

On August 13, 1993, the sale of the assets of Cumberland Lake Country Club took

place. The sale was conducted by sealed bid under the direction of Joe Ezelle, as agent for the IRS. Complaint at ¶ 1. Each bidder was required to enclose certified funds for the amount of their bid in their bid proposal. Complaint at ¶ 11.

The bidding process drew only two bids, one from Plaintiff and the other from the individually named defendants as Cumberland Lake Country Club ("CLCC"). Complaint at ¶ 5. According to Plaintiff, CLCC's prevailing bid was just $100 more than Plaintiff's own bid. Complaint at ¶ 10. This bid was accepted despite the fact that it did not include the certified funds required by the bidding procedure. Complaint at ¶ 12. Plaintiff protested the acceptance of a bid that did not contain the required certified funds to no avail. *See* Complaint. at ¶¶ 14-15.

Plaintiff attempted to uncover any wrongdoing on the part of the prevailing bidders. Plaintiff alleges he has uncovered evidence linking IRS Agent Ezelle to the individual defendants and CLCC.[1] Complaint at ¶ 22. Apparently, the individual defendants, on behalf of CLCC, knew how much to bid on the property because Agent Ezelle told them how much Plaintiff was going to bid.[2] *Id.* Agent Ezelle allegedly arrived at this information through discussion with Plaintiff's bank. Complaint at ¶ 23.

On November 3, 1999 Jay Kelley, for himself and CGCC, filed this action *pro se*

---

[1] The evidence he offers in support of this assertion constitutes hearsay and is accordingly not considered by the Court in this ruling.

[2] Again, Plaintiff offers nothing more than hearsay to substantiate these allegations. The Court includes the allegation in its statement of facts merely for purposes of clarity.

in Jefferson County Circuit Court (doc. 6). The case was removed to this Court by the United States of America as the real party in interest (doc.1). The Complaint sets forth seven counts including: conspiracy (Count I), collusion (Count II), fraudulent conveyance (Count III), cover-up (Count IV), wrongful harassment (Count VI) and negligence (Count VII). Complaint at ¶¶ 27-80.

## Standard of Review

Under Federal Rule of Civil Procedure 12, a complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief. *Harper v. Blockbuster Entertainment Corp.,* 139 F.3d 1385, 1387 (11th Cir. 1998)(*citing Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)). The allegations of the complaint must be accepted as true, *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980), and must be construed favorably in plaintiff's behalf. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) *see also Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991).

## Legal Analysis

Claims made on behalf of Plaintiff CGCC:

Plaintiff seeks to represent himself and CGCC *pro se*. Title 28, §1654 of the United States Code prohibits lay representation of a corporation. *See* 28 U.S.C. § 1654;

*see also Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1384-5 (11th Cir. 1985). Accordingly, the claims made on behalf of CGCC are dismissed for want of proper representation.

Claims made on behalf of Plaintiff Jay Ezelle:

1. *As against Defendant Internal Revenue Service:*

The Internal Revenue Service, as an agency of the Department of Treasury may not be sued. An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress. *Blackmar v. Guerre,* 342 U.S. 512, 514-15, 72 S.Ct. 410, 411-12, 96 L.Ed. 534 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued. *See Castleberry v. Alcohol, Tobacco, & Firearms Division,* 530 F. 2d 672, 673 n. 3 (5th Cir. 1976)[3]; *see also Perry v. United States, Internal Revenue Service,* 90 B.R. 565, 565-6 (Bankr. S.D. Fla. 1988). Accordingly, all claims against the Internal Revenue Service are dismissed.

2. *As against Defendant United States:*

The United States moved to substitute itself for Defendants Shobe and Ezelle, the two IRS agents named individually in the complaint on January 25, 2000. *See* Notice of Substitution (doc. 12). Having certified defendants Shobe and Ezell were acting within

---

[3] The Eleventh Circuit adopted, as binding precedent, all Fifth Circuit rulings issued prior to October 1,1981 in *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir. 1981).

the scope of their employment, the United States was substituted as the party defendant pursuant to 28 U.S.C. § 2679(d)(2).[4]

To maintain a suit against the United States, the plaintiff must first obtain a waiver of sovereign immunity. Absent Congressional waiver, this court is without jurisdiction. *United States v. Testan,* 424 U.S. 392, 399 (1976)(citations omitted). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, provides such a waiver, allowing actions against the United States, subject to statutorily created exceptions. *See* 28 U.S.C. §§ 2671-2680. One such exception includes any claims arising out of the assessment or collection of taxes. 28 U.S.C. § 2680(c).

The case at bar deals specifically with the conduct of agents of the IRS arising out of the tax sale of CGCC's property. This tax sale was conducted in an attempt by the IRS to collect back taxes. Such conduct, given the broad interpretation of § 2680(c), *see Cappozoli v. Tracey,* 663 F.2d 654, 658 (5th Cir. 1981), falls squarely within the exception to the FTCA. Plaintiff, failing to state a claim under the FTCA upon which relief can be granted, is without a waiver of immunity to proceed against the United States. Accordingly, the Court holds the case at bar must be dismissed for lack of jurisdiction.

---

[4] There is an issue as to whether service of process was ever perfected on the United States. For purposes of this opinion, the Court declines to reach this issue, finding it superfluous given the fact that the United States is immune from the suit.

## Conclusion

Based on the foregoing, the Court finds it is without jurisdiction over this case. Accordingly, Defendant's motion to dismiss is due to be and hereby is **GRANTED**.

**DONE** and **ORDERED** this the __6__ day of March, 2000.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE